FILED

November 16, 1998

Cecil W. Crowson

Appellate Court Clerk

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY SESSION, 1998

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9701-CC-00035** |
| | ) | |
| Appellant, | ) | |
| | ) | **MAURY COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. JAMES L. WEATHERFORD,** |
| **PHILLIP DREW CANTWELL,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(ENVIRONMENTAL VANDALISM)** |

**OPINION CONCURRING IN PART AND DISSENTING IN PART**

While I concur in most of the opinion of the Court, I must dissent from those portions of the principal opinion which indicate that an acquittal of previous criminal charges precludes the State from using the activity alleged in the charges to enhance a sentence. I can find no constitutional or statutory prohibition on the State's relitigation of activity alleged in criminal indictments resulting in acquittal when the relitigation occurs at a subsequent proceeding where the standard of proof is lower than a criminal trial. Indeed, I find ample case law to the effect that such a relitigation is quite permissible. *See*, United States v. Watts, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); Dowling v. United States, 493 U.S. 342, 349, 110 S.Ct. 668, 672, 107 L.Ed.2d 708 (1990).

In the case sub judice the majority holds that the following enhancement factors at Tennessee Code Annotated Section 40-35-114 do not apply because of acquittal in other charges arising out of this case of environmental vandalism:

(1) the defendant has a previous history of criminal . . . behavior in addition to those necessary to establish the appropriate range;

(2) the defendant was a leader in the commission of an offense involving two (2) or more criminal actors.

With respect to enhancement factor (1) the majority finds that the appellant's acquittal of additional counts charged in the indictment precludes relitigation at a sentencing hearing of those alleged criminal acts. Regarding enhancement factor (2) the majority concludes that the acquittal of the appellant's employees makes this a crime involving only one actor and that therefore application of this factor is improper. However, the United States Supreme Court has held:

"'[A]n acquittal is not a finding of any fact. An acquittal can only be an acknowledgment that the government failed to prove an essential element of the offense beyond a reasonable doubt. Without specific jury findings, no one can logically or realistically draw any factual finding inferences. . .'" (citation omitted)

Watts, 117 S.Ct. at 637. Thus, at a sentencing hearing, criminal behavior which has nevertheless resulted in an acquittal may be submitted on the issue of sentencing since the standard of proof is lower, i.e., a preponderance of the evidence standard. Id.; See, State v. Carter, 908 S.W.2d 410 (Tenn. Crim. App. 1995); State v. Richard J. Crossman, Wilson Co. No. 01C01-9311-CR-00394 (opinion filed Oct. 6, 1994 at Nashville) app. denied (Tenn. January 3,1995) (holding that preponderance of evidence standard applies at sentencing hearings.)

Although the cases cited hereinabove largely deal with federal constitutional and statutory law regarding the use at sentencing of charges which have resulted in an acquittal, I find nothing in the Tennessee Constitution or our statutes which would warrant a different result.

Finally, although the trial court did apply enhancement factor (3), i.e., that the offense involved more than one victim, the majority finds it inappropriate to count as

"victims" those individuals named as victims in the counts of the indictment for which the defendant was acquitted. Based on the reasoning outlined above, I would affirm the use of this enhancement factor, however because the trial court never considered enhancement factors (1) and (2), I would reverse and remand this case for a new sentencing hearing wherein these factors and factor (3) are considered in conjunction with one another.

For these reasons I concur in part and dissent in part.


_____
JERRY L. SMITH, JUDGE